[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding, which sounds in forcible entry and detainer, is presently before the court by virtue of an amended complaint drawn in six counts. The essence of the complaint is that the defendant, prior to March 1, 2002, in both capacities, made entry upon the premises which had been in the actual possession of the plaintiff. Each of the parties in separate affidavits has set forth that at all times from January 1, 2000, the defendant(s) have been in residence in the disputed premises. In addition thereto, the defendants have admitted that the locks were changed in the premises as a result of her concern for her personal effects, including documents necessary for this litigation, and her fear of bodily injury from the plaintiff.
The defendants have moved to dismiss this, the fourth amended complaint, asserting that it was not filed within the six month time limitation prescribed by statute.[1]
The plaintiff asserts that the defendants cannot raise the statute of limitations defense on a motion to dismiss. It appears that the plaintiff misperceives the defendants' motion. Forcible entry and detainer is a creature of statute and is in derogation of the common law. As such, the statute must be strictly followed and narrowly construed in order to confer jurisdiction upon a court over such an action. The complainant must follow the procedures laid out in § 47a-43 of the General Statutes. Those procedures are not complied with in this case. This raises a matter of subject matter jurisdiction, and the failure of the plaintiff to follow the statutory procedure deprives this court of such jurisdiction. See New England Astro Optics, Inc. v. Beatman, Superior Court, judicial district of Hartford/Housing Session, Docket No. 5626 (February 24, 1999, Tanzer, J.).
Since the court clearly does not have subject matter jurisdiction, the motion to dismiss must be and is hereby granted. In view of the court's ruling on the motion to dismiss, it is unnecessary to consider the motion CT Page 7691 to strike which draws its vitality from the statutory cause of action on which the plaintiff cannot prevail. An order may enter in accordance with the foregoing.
 ___________________ Moraghan, J.T.R.